```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

JOSE FIGUEROA,

                    Plaintiff,              17 Civ. 6521

     -against-                               OPINION

HASAKI RESTAURANT, INC., and
SHUJI YAGI,

                    Defendants.

------------------------------------X
```

A P P E A R A N C E S:



Attorneys for Plaintiff

FINKELSTEIN LAW GROUP, PLLC
338 Jericho Turnpike
Syosset, NY 11791
By: Stuart H. Finkelstein, Esq.

Attorneys for Defendants

PECHMAN LAW GROUP, PLLC
488 Madison Avenue
New York, NY 10022
By: Louis Pechman, Esq.

1

**Sweet, D.J.**

Plaintiff Jose Figueroa ("Figueroa" or the "Plaintiff") brings this action against defendants Hasaki Restaurant, Inc. ("Hasaki Rest.") and Shuji Yagi ("Yagi") (collectively, the "Defendants") for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101, *et seq.* Plaintiff has moved by letter and pursuant to Federal Rule of Civil Procedure 12(f) to strike the affirmative defenses set forth in the Defendants' answer ("Answer") to the Plaintiff's complaint ("Complaint"). Based on the facts and conclusions set forth below, the Plaintiff's motion to strike is granted.

## I. Facts & Prior Proceedings

Plaintiff commenced this action on August 27, 2017, alleging violations of the ADA, 42 U.S.C. § 12181, *et seq.*, the NYSHRL, N.Y. Exec. Law. §§ 290, *et seq.*, and the NYCHRL, N.Y.C. Admin. Code §§ 8-101, and seeking injunctive relief and attorney's fees and costs, as set forth in the Complaint and

below. The instant motion was filed on November 1, 2017, and was argued and marked fully submitted on November 29, 2017.

The Complaint sets forth the following facts, which are assumed true for the purpose of this motion. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

At the time of the events relevant to this action, Plaintiff was a resident of the state of New York, and suffered from spinal stenosis, a disability that causes a restriction of the spinal canal and results in neurological deficits. Compl. ¶ 4. Spinal stenosis constitutes a "qualified disability" under the ADA. *Id.*

Defendants own and run the business of Hasaki Restaurant, located at 210 East 9th Street, New York, NY 10003 (the "Restaurant"), which, Plaintiff alleges is "a place of public accommodation" pursuant to the ADA, 42 U.S.C. § 12181(7), and 28 C.F.R. § 36.104 because it is a restaurant that provides good and services to the public. *Id.* ¶¶ 6, 11. Plaintiff alleges that the Restaurant has begun operations, and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990, and/or has sufficient income to make readily achievable accessibility modifications. *Id.* ¶ 12.

Plaintiff alleges that he personally visited the Restaurant with the intention of using the Defendants' facilities, but was denied access due to his disability. *Id.* ¶ 14. Plaintiff also alleges that he maintains the intention of visiting the Restaurant in the future. *Id.* The barriers to access the Restaurant have effectively denied Plaintiff's ability to visit the property, and have caused him embarrassment and frustration. *Id.*

Moreover, Plaintiff alleges, *inter alia*, the following specific violations of the ADA and 28 C.F.R. § 36.302, *et seq.* by the Restaurant: (1) failure to provide an accessible entrance due to multiple steps, and failure to install ramps with appropriate slope and signage, and/or otherwise provide an accessible and properly designated entrance; (2) failure to provide required minimum maneuvering clearance at the entrance door, failure to provide accessible aisles of at least 36 inches clearance between parallel edges of tables or between a wall and the table edges to all accessible tables, and failure to provide an accessible pathway of at least 36 inches of width in front of the restroom area; (3) failure to provide accessible dining tables with a minimum knee and toe clearance; and (4) failure to provide sufficient turning radius for accessible patrons in the restroom, a clear path to the water closet, accessible restroom

4

door handle and lock, a grab bar in restroom, a hand-operated flush control located on the open side of the accessible water closet, at least 17 inches depth clearance under lavatories, and accessible paper towel and soap dispensers, as well as a mirror in restroom. *Id.* ¶ 16 & Ex. 1.

Defendants assert twenty-three affirmative defenses in their Answer to the Complaint. Plaintiff contests Defendants' first and eighth affirmative defenses, which in their entirety provide, respectively, that the "Complaint fails to state a claim upon which relief can be granted," Answer ¶ 36, and "Plaintiff's claims are barred because the barrier removal(s) Plaintiff seeks pursuant to the ADA in a restaurant built before January 26, 1993, are not 'readily achievable' or easily accomplishable within the meaning of 42 U.S.C. § 12181(9)," *id.* ¶ 43.

## II. **The Applicable Standard**

Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material

5

consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." *Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217, 225 (E.D.N.Y. 2015) (internal citation and quotation omitted). "Motions to strike are generally disfavored and will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010) (quoting *Salver v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), vacated and remanded on other grounds, 478 U.S. 1015 (1986)) (internal quotations and citations omitted).

To succeed on a motion to strike, "the movant must demonstrate all of the following . . . : (1) that no evidence in support of the allegation would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Koch v. Dwyer*, No. 98 Civ. 5519 (RPP), 2000 WL 1458803, at *1 (S.D.N.Y. Sept. 29, 2000). "In considering the sufficiency of a defense under the first two prongs of the analysis, courts apply the same standard applicable to a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Coach, Inc. v. Kmart*

*Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010). As such, as to these two prongs, "the Court ordinarily accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor." *Id.* (citing *Levy v. Southbrook Int'l Invs., Ltd.*, 263 F.3d 10, 14 (2d Cir. 2001)) (internal citation omitted). Moreover, "[t]he sufficiency of a defense is to be determined solely upon the face of the pleading," *Houston v. Manheim-New York*, No. 09 Civ. 4544 (SCR)(GAY), 2010 WL 744119, at *3 (S.D.N.Y. Mar. 3, 2010), and the court must construe "the pleadings liberally to give the defendant a full opportunity to support its claims at trial, after full discovery has been made." *S.E.C. v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999).

"[C]onclusory assertions, absent any supporting factual allegations are insufficient as a matter of law and fail to provide a plaintiff with any notice as to how the defense applies to the plaintiff's claims." *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d at 425. If a defense is found by a court to be legally insufficient, "the court must next determine whether inclusion of the defense would prejudice the plaintiff." *Id.* (noting that "[i]ncreased time and expense of trial may constitute sufficient prejudice to warrant striking an affirmative defense.").

7

## III. **The Plaintiff's Motion is Granted**

Defendants' first affirmative defense alleges that "[t]he Complaint fails to state a claim upon which relief can be granted." Compl. ¶ 36. Absent more, this defense is nothing more than a conclusory assertion, and therefore is stricken from the Answer.

The eighth affirmative defense alleges, without further support, that "Plaintiff's claims are barred because the barrier removal(s) Plaintiff seeks . . . are not 'readily achievable' or easily accomplishable." *Id.* ¶ 43. Defendants have not alleged any facts upon which this conclusion may be reached, so this defense is similarly stricken.

## IV. Conclusion

For the foregoing reasons, the Plaintiff's motion to strike the Defendants' affirmative defenses is granted. Defendants are granted leave to replead within twenty (20) days.

It is so ordered.

**New York, NY**
**January 24, 2018**

_____
ROBERT W. SWEET
U.S.D.J.